NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONIO SANTOS MOO MIS, AKA Santos Antonio Moo Mis, <br><br> Petitioner, <br><br> v. <br><br> ROBERT M. WILKINSON, Acting Attorney General, <br><br> Respondent. | No. 19-70069 <br><br> Agency No. A098-269-704 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 1, 2021[**]
San Francisco, California

Before: SILER,[***] RAWLINSON, and BUMATAY, Circuit Judges.

Antonio Moo Mis, a 37-year-old Mexican native, was ordered removed by an

immigration judge ("IJ") under 8 U.S.C. § 1182(a)(6)(A)(i). Moo Mis conceded

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

removability but sought relief in the form of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The IJ denied each claim, and the Board of Immigration Appeals ("BIA") affirmed. Moo Mis timely petitioned our court for review. He challenges the BIA's decision only as to his withholding and CAT claims, not his asylum claim. For the reasons explained below, we deny his petition.

1.     Moo Mis claims eligibility for withholding of removal based on three sources of alleged persecution: his family, gang members, and a third group of unknown assailants who are prejudiced against Americanized Mexicans. Substantial evidence supports the BIA's conclusion as to each ground.

First, even if the domestic abuse that Moo Mis experienced as a child constituted past persecution, substantial evidence supports the BIA's determination that a "fundamental change in circumstances" rebuts the presumption that he will face similar abuse if he returns to Mexico. *See* 8 C.F.R. § 1208.16(b)(1)(i)(A). As the BIA noted, Moo Mis—who was 37-years old at the time of his hearing—had not been beaten by his mother or stepdad since he was 13. Moo Mis offers no explanation or evidence to explain why his childhood domestic abuse would reoccur if he returns to Mexico as a man in his late 30s. Instead, he merely argues withholding claims should be analyzed from the perspective of the child and take into account the victim's age at the time of the persecution. But that is only true

with respect to past persecution. *See, e.g.*, *Hernandez-Ortiz v. Gonzales,* 496 F.3d 1042, 1046 (9th Cir. 2007) ("[I]njuries to a family must be considered in an asylum case where the events that form the basis of the *past persecution* claim were perceived when the petitioner was a child.") (emphasis added). To evaluate changed circumstances, the agencies need not blind themselves to the inherent differences between a 13-year-old boy and a 37-year-old man.[1]

Second, substantial evidence supports the BIA's conclusion that Moo Mis has not shown persecution on account of a political opinion based on his resistance to gang recruitment efforts. Moo Mis claims persecution based on his opinion that cartels are morally wrong and destructive, but he cites no record evidence to show that he holds this opinion—let alone that he ever publicly expressed it such that others would assign this belief to him. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008) (upholding BIA where petitioner "did not present evidence that he was politically or ideologically opposed to the ideals espoused by the Mara or to gangs in general, or that the Mara imputed to [the petitioner] any particular political belief"), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). Indeed, Moo Mis admitted that he has not done anything

---

[1] Moo Mis also argues that the agencies erred by failing to analyze his alleged particular social group relating to his child abuse, but since the BIA found that changed circumstances rebutted any claim of persecution, it did not need to reach the nexus element. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (BIA need not reach issues that would not change the result reached).

to oppose gangs or publicly spoken out against them. The sole basis for his claim is that he resisted a gang's recruitment efforts when he was 19. But resistance to a gang's recruitment efforts, by itself, does not constitute a "political opinion." *See Santos-Lemus*, 542 F.3d at 747.

Finally, substantial evidence supports the conclusion regarding Moo Mis's fear of persecution as a "pocho," which is slang for an Americanized Mexican. Our prior cases have recognized that "returning Mexicans from the United States," or similar formulations of that group, is "too broad to qualify as a cognizable social group." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010); *see also Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (rejecting proposed group of returning Mexicans who are viewed as wealthy Americans). We believe Moo Mis's particular social group of being "pocho" is sufficiently foreclosed by *Delgado-Ortiz* and *Ramirez-Munoz*. Moo Mis fails to offer a compelling reason for us to depart from these cases now.

2.     To qualify for CAT protection, an applicant must show it is "more likely than not" he "would be tortured if removed to the proposed country…." 8 C.F.R. § 1208.16(c)(2). Substantial evidence supports the BIA's conclusion that Moo Mis has not made this showing. When asked what he thought might happen to him if returned to Mexico, Moo Mis simply said, "I don't know, perhaps other things could happen that one does not know about." Moo Mis relies exclusively on

4

country-conditions evidence showing that Mexico is plagued by gang violence. This is insufficient to compel the conclusion that *he* will face a particularized risk of torture. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006) (general reports regarding torture in a petitioner's home country do not compel conclusion that the petitioner faces likely torture). That is particularly true here, since the record evidence shows that Moo Mis is from Yucatan, one of the least-dangerous states in Mexico. Nor do we find any merit to Moo Mis's argument that the BIA insufficiently considered his CAT claim, which is ultimately just a disagreement with the BIA's decision.

**PETITION DENIED.**